FILED
2018 May-11  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 5

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V 2018 6 -<br>Date of Filing:                Judge Code:<br>Month    Day    Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ COLBERT COUNTY _____ , ALABAMA
*(Name of County)*

_____ WHITESELL CORPORATION _____ v. _____ SODECIA AUTOMOTIVE AUBURN LP _____

| **Plaintiff** | **Defendant** |
|---|---|
| First Plaintiff  ☒ Business   ☐ Individual | First Defendant  ☒ Business   ☐ Individual |
| ☐ Government   ☐ Other | ☐ Government   ☐ Other |

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

| TORTS: PERSONAL INJURY | OTHER CIVIL FILINGS (cont'd) |
|---|---|
| ☐ WDEA  -  Wrongful Death | ☐ MSXX  -  Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve |
| ☐ TONG  -  Negligence: General | ☐ CVRT  -  Civil Rights |
| ☐ TOMV  -  Negligence: Motor Vehicle | ☐ COND  -  Condemnation/Eminent Domain/Right-of-Way |
| ☐ TOWA  -  Wantonness | ☐ CTMP  -  Contempt of Court |
| ☐ TOPL  -  Product Liability/AEMLD | ☐ CONT  -  Contract/Ejectment/Writ of Seizure |
| ☐ TOMM  -  Malpractice-Medical | ☐ TOCN  -  Conversion |
| ☐ TOLM  -  Malpractice-Legal | ☐ EQND  -  Equity Non-Damages Actions/Declaratory Judgment/Injunction |
| ☐ TOOM  -  Malpractice-Other | Election Contest/Quiet Title/Sale For Division |
| ☐ TBFM  -  Fraud/Bad Faith/Misrepresentation | ☐ CVUD  -  Eviction Appeal/Unlawful Detainer |
| ☐ TOXX  -  Other: _____ | ☐ FORJ  -  Foreign Judgment |
| | ☐ FORF  -  Fruits of Crime Forfeiture |
| **TORTS: PERSONAL INJURY** | ☐ MSHC  -  Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition |
| ☐ TOPE  -  Personal Property | ☐ PFAB  -  Protection From Abuse |
| ☐ TORE  -  Real Property | ☐ FELA  -  Railroad/Seaman (FELA) |
| | ☐ RPRO  -  Real Property |
| **OTHER CIVIL FILINGS** | ☐ WTEG  -  Will/Trust/Estate/Guardianship/Conservatorship |
| ☐ ABAN  -  Abandoned Automobile | ☐ COMP  -  Workers' Compensation |
| ☐ ACCT  -  Account & Nonmortgage | ☐ CVXX  -  Miscellaneous Circuit Civil Case |
| ☐ APAA  -  Administrative Agency Appeal | |
| ☐ ADPA  -  Administrative Procedure Act | |
| ☐ ANPS  -  Adults in Need of Protective Services | |

**ORIGIN** *(check one):*   F ☒ INITIAL FILING       A ☐ APPEAL FROM       O ☐ OTHER: _____
                                                            DISTRICT COURT
                      R ☐ REMANDED       T ☐ TRANSFERRED FROM
                                                            OTHER CIRCUIT COURT

*(stamp, right margin:)* FILED IN OFFICE NANCY L. HEARN CIRCUIT COURT CLERK 2018 MAR 23 AM 9:30

| **HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☒ NO | **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |
|---|---|

| **RELIEF REQUESTED:**  ☐ MONETARY AWARD REQUESTED       ☐ NO MONETARY AWARD REQUESTED |
|---|

| **ATTORNEY CODE:**<br>R  I  C  0  9  7 | _____ 03/23/2018 _____<br>Date | _____<br>Signature of Attorney/Party filing this form |
|---|---|---|

**MEDIATION REQUESTED:**   ☐ YES   ☐ NO   ☒ UNDECIDED

## IN THE CIRCUIT COURT FOR COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WHITESELL CORPORATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case No. $CV-18-6$ |
| | ) |
| **SODECIA AUTOMOTIVE AUBURN LP,** | ) |
| | ) |
| **Defendant.** | ) |

### COMPLAINT

Plaintiff Whitesell Corporation makes the following complaint against Defendant Sodecia Automotive Auburn LP. In support of its claims, Whitesell states as follows:

### PARTIES

1.     Whitesell is a corporation formed under the laws of the State of Alabama with its principal place of business in Muscle Shoals, Alabama.

2.     Sodecia is a limited partnership organized under the laws of the State of Georgia with its principal place of business in Auburn, Alabama. Sodecia's general partner is Sodecia Management USA, Inc., a corporation organized under the laws of the State of Georgia with its principal place of business in Auburn, Alabama.

### JURISDICTION AND VENUE

3.     Jurisdiction is proper in this Court under § 12-11-30 of the Code of Alabama 1975, as the amount in controversy, exclusive of interest and costs, is greater than $10,000.00.

4.      Venue is proper in this Court under § 6-3-6 of the Code of Alabama 1975 because, by entering into an ongoing contract with a vendor in Colbert County, Sodecia is doing business in Colbert County. *See Élan Pharma, Inc. v. Brinson*, 689 So. 2d 202, 204 (Ala. Civ. App. 1997).

## FACTUAL ALLEGATIONS

5.      In supply-chain management, a Tier One supplier contracts directly with an original equipment manufacturer to provide parts and materials. A Tier One supplier will either manufacture the parts themselves or will source the parts from Tier Two suppliers. Sodecia is a Tier One supplier to General Motors. Whitesell is a Tier Two supplier of particular wire-form components (the "Cargo Loops") to Sodecia for use in the products Sodecia supplies to General Motors.

6.      On October 30, 2014, Whitesell entered into a requirements contract with Kemmerich USA LP to provide 100% of Kemmerich's needs and requirements for Cargo Loops for use on several vehicle platforms used by General Motors (the "Agreement") over the life of the part. Specifically, Whitesell became Kemmerich's sole source for the Cargo Loops so long as Kemmerich was a Tier One supplier to General Motors on such platforms.

7.      Development and tooling for the Cargo Loops required a large investment from Whitesell, and Kemmerich's commitment to purchase the Cargo Loops for the life of the part was a significant inducement for Whitesell to enter into the Agreement. Whitesell committed to this investment with the understanding that the Cargo Loops would be purchased for the life of the Cargo Loops.

8.     In August 2016, Sodecia's parent company acquired the business of Kemmerich's parent company, which was in insolvency in Germany. This acquisition included Kemmerich, which was not insolvent. On November 1, 2016, Sodecia filed paperwork with the Georgia Secretary of State to change Kemmerich USA LP's name to Sodecia Automotive Auburn LP.

9.     As part of its takeover of Kemmerich's business operations, Sodecia assumed Kemmerich's obligations on the Agreement. Following its purchase of Kemmerich, Sodecia acknowledged and reaffirmed its obligations under, and commitment to abide by, the terms of the Agreement.

10.    During the performance of the Agreement, the course of dealing between the parties has been as follows:

    a.  Sodecia would submit a discrete purchase order for a quantity of Cargo Loops;

    b.  Whitesell would produce Cargo Loops according to Sodecia's purchase order;

    c.  when Sodecia needed the Cargo Loops, it would communicate the number of parts to release in the next shipment;

    d.  Whitesell would ship Cargo Loops directly to Sodecia, then invoice Sodecia for the shipped Cargo Loops on a net 60 basis.

11.    Although the number of Cargo Loops in each shipment to Sodecia would vary, Whitesell manufactured thousands of Cargo Loops per week to fill Sodecia's requirements.

12.    Sodecia has ceased paying on Whitesell's invoices, and has an open balance of $214,167.90, of which $147,532.83 is past due.

3

13.    Sodecia now refuses to issue shipment releases for deliveries of Cargo Loops from Whitesell. Whitesell followed the forecasts of usage for the OEM, as previously provided by Sodecia, in ordering raw material and manufacturing the Cargo Loops. This has resulted in Whitesell accumulating an inventory of Cargo Loops valued at over $800,000.00.

14.    On information and belief, Sodecia is now purchasing Cargo Loops from another vendor, in violation of the Agreement.

15.    Whitesell entered into the Agreement with the expectation that it would provide Sodecia's requirements and be Sodecia's sole source for the Cargo Loops for the life of the part.

16.    Sodecia has stopped purchasing Cargo Loops from Whitesell, depriving Whitesell of revenue from supplying Sodecia's needs and requirements over the remaining life of the Cargo Loop part.

17.    In reliance on Sodecia's commitments, Whitesell made significant investments in unique equipment necessary to produce the Cargo Loop part. Because of Sodecia's actions, Whitesell stands to lose several million dollars. In addition to the pure monetary damages, the loss of the promised stream of income from Sodecia may force Whitesell to reduce its workforce.

18.    On March 14, 2018, Whitesell notified Sodecia of its open balances, including both open invoices and the accumulated inventory of Cargo Loops by letter, demanding that Sodecia make good on its open balances by March 21, 2018.

## COUNT ONE – BREACH OF CONTRACT

19.    Whitesell realleges each and every preceding paragraph as if set forth in full here.

4

20.     The Agreement constitutes a valid and binding contract between Whitesell and Sodecia.

21.     Whitesell has fully performed its obligation under the Agreement to supply Sodecia with Cargo Loops.

22.     Sodecia has failed to perform its obligations under the Agreement by:

   a.   failing to pay for delivered goods;

   b.   failing to pay invoiced amounts when due;

   c.   refusing to issue shipment releases for ordered Cargo Loops; and

   d.   sourcing Cargo Loops from other manufacturers.

23.     As a proximate result of Sodecia's breach of the agreement, Whitesell has suffered and will suffer significant monetary damages.

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court enter judgment against Sodecia in Whitesell's favor for compensatory damages in an amount to be determined by the finder of fact, prejudgment interest, and costs of this action, as well as such other legal and equitable relief as the Court determines is necessary to do justice between the parties.

## COUNT TWO—ACCOUNT STATED

24.     Whitesell realleges each and every preceding paragraph as if set forth in full here.

25.     On March 14, 2018, Whitesell rendered a statement of account to Sodecia, detailing the amount due on Sodecia's account.

26.     Sodecia has not disputed this statement of account.

27.     Sodecia has not paid or made any arrangement to pay Whitesell the amount shown on the statement of account.

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court enter judgment against Sodecia in Whitesell's favor for compensatory damages in an amount to be determined by the finder of fact, prejudgment interest, and costs of this action, as well as such other legal and equitable relief as the Court determines is necessary to do justice between the parties.

## COUNT THREE—QUANTUM MERUIT/VALEBANT

28.     Whitesell realleges each and every preceding paragraph as if set forth in full here.

29.     Whitesell pleads this count in the alternative to Count One.

30.     By providing Sodecia with Cargo Loops, Whitesell conferred a benefit on Sodecia, which Sodecia knowingly accepted.

31.     Whitesell had a reasonable expectation of being compensated for the Cargo Loops it provided Sodecia.

32.     Sodecia has not paid Whitesell for a portion of the Cargo Loops it has provided.

6

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court enter judgment against Sodecia in Whitesell's favor for compensatory damages in an amount to be determined by the finder of fact, prejudgment interest, and costs of this action, as well as such other legal and equitable relief as the Court determines is necessary to do justice between the parties.

## WHITESELL DEMANDS TRIAL BY STRUCK JURY ON ALL COUNTS SO TRIABLE

Respectfully submitted,

David B. Block (ASB-5098-K62D)
Michael W. Rich (ASB-0880-D77I)

**OF COUNSEL:**
MAYNARD COOPER & GALE, P.C.
655 Gallatin Street SW
Huntsville, Alabama 35801
Telephone: 256.551.0171
Facsimile: 256.512.0119
dblock@maynardcooper.com
mrich@maynardcooper.com

Serve by certified mail to:

Sodecia Automotive Auburn LP
c/o National Registered Agents Inc.
2 North Jackson Street Suite 605
Montgomery, Alabama 36104

7

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

## OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)        $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required           $ _____

☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Laura McHan_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   MAR 2 6 2018    C. Date of Delivery

1. Article Addressed to:

Sodecia Automotive Auburn
2 North Jackson St.
Suite 605
Montgomery, AL 36104



D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

CV18-6    D081

9590 9402 3336 7227 3326 70

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

1000 0000 3369 5842

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**USPS TRACKING #**

MONTGOMERY

AL 361

27 MAR 18

PM 3 L

9590 9402 3336 7227 3326 70

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Nancy L. Hearn
Circuit Clerk
Colbert County Courthouse
P.O. Box 740370
Tuscumbia, AL 35674

2018 MAR 30 AM 8: 32

FILED IN OFFICE
NANCY L. HEARN
CIRCUIT COURT CLERK





AlaFile E-Notice

20-CV-2018-000006.00

To:  SODECIA AUTOMOTIVE NORTH AMERICA, INC.
     C/O REGAN J. DUFFY
     1111 W LONG LAKE RD SUITE
     TROY, MI, 48098

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WHITESELL CORPORATION VS SODECIA AUTOMATIVE AUBURN LP
20-CV-2018-000006.00

The following complaint was FILED on 4/10/2018 8:04:07 PM

Notice Date:      4/10/2018 8:04:07 PM

NANCY L. HEARN
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>20-CV-2018-000006.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**
**WHITESELL CORPORATION VS SODECIA AUTOMATIVE AUBURN LP**

**NOTICE TO:** SODECIA AUTOMOTIVE NORTH AMERICA, INC., C/O REGAN J. DUFFY 1111 W LONG LAKE RD SUITE, TROY, MI 48098

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MICHAEL WADE RICH

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 655 Gallatin Street, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of WHITESELL CORPORATION

pursuant to the Alabama Rules of the Civil Procedure.                                    *(Name(s))*

| 4/10/2018 8:04:07 PM | /s/ NANCY L. HEARN | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested. | /s/ MICHAEL WADE RICH |
| *(Plaintiff's/Attorney's Signature)* |

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*       *(Name of County)*

Alabama on _____ .

*(Date)*

_____
*(Address of Server)*

_____          _____
*(Type of Process Server)*          *(Server's Signature)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
4/10/2018 8:03 PM
20-CV-2018-000006.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT FOR COLBERT COUNTY, ALABAMA

| | |
|---|---|
| WHITESELL CORPORATION, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   **Case No. 20-cv-2018-9000006.00** |
| | ) |
| **SODECIA AUTOMOTIVE AUBURN LP;** | ) |
| **SODECIA AUTOMOTIVE DETROIT LP;** | ) |
| **and SODECIA AUTOMOTIVE NORTH** | ) |
| **AMERICA, INC.,** | ) |
| | ) |
|        Defendants. | ) |

### FIRST AMENDED AND RESTATED COMPLAINT

Plaintiff Whitesell Corporation ("Whitesell"), under Alabama Rule of Civil Procedure 15(a), files its First Amended and Restated Complaint against Defendants Sodecia Automotive Auburn LP ("Sodecia Auburn), Sodecia Automotive Detroit Corp. ("Sodecia Detroit"), and Sodecia Automotive North America, Inc. ("Sodecia NA"). In support of its claims, Whitesell alleges as follows:

### PARTIES

1.     Whitesell is a corporation formed under the laws of the State of Alabama with its principal place of business in Muscle Shoals, Colbert County, Alabama.

2.     Sodecia Auburn is a limited partnership organized under the laws of the State of Georgia with its principal place of business in Auburn, Alabama. Sodecia Auburn's general partner is Sodecia Management USA, Inc., a corporation organized under the laws of the State of Georgia with its principal place of business in Auburn, Lee County, Alabama.

3.      Sodecia Detroit is a corporation organized under the laws of the State of Delaware
with its principal place of business in Roseville, Macomb County, Michigan.

4.      Sodecia NA is a corporation organized under the laws of the State of Delaware.
On information and belief, Sodecia NA has its principal place of business in Roseville, Macomb
County, Michigan.

### VENUE AND JURISDICTION

5.      Jurisdiction is proper in this Court under § 12-11-30 of the Code of Alabama
1975, as the amount in controversy, exclusive of interest and costs, is greater than $10,000.00.

6.      Venue is proper in this Court under § 6-3-5 of the Code of Alabama 1975, as both
Sodecia Auburn and Sodecia Detroit have entered into an ongoing business relationship with a
vendor in Colbert County, and are therefore doing business in Colbert County. *See Élan
Pharma, Inc. v. Brinson*, 689 So. 2d 202, 204 (Ala. Civ. App. 1997).

### FACTUAL ALLEGATIONS

### The Sodecia Conglomerate

7.      Sodecia S.A. is a global automotive manufacturing conglomerate based in Maia,
Portugal.  Sodecia NA, Sodecia Auburn, and Sodecia Detroit are all part of the Sodecia S.A.
conglomerate.

8.      Various entities in the Sodecia S.A. conglomerate act as "Tier One" suppliers to
General Motors, including Sodecia Auburn and Sodecia Detroit.  Tier One suppliers are
suppliers that contract directly with an original equipment manufacturer to provide parts and

2

materials. A Tier One supplier will manufacture these parts and materials itself, or contract in turn with a Tier Two supplier.

9.      As relevant to this First Amended and Restated Complaint, Whitesell acts as a Tier Two supplier to both Sodecia Auburn and Sodecia Detroit.

10.     Whitesell supplies particular wire-form components (the "Cargo Loops") to Sodecia Auburn, which Sodecia Auburn incorporates into products it supplies to GM.

11.     Whitesell supplies three different types of bolts (the "Bolts") to Sodecia Detroit, which Sodecia Detroit incorporates into products it supplies to GM.

12.     Sodecia Detroit and Sodecia NA have both registered the trade name "Sodecia North America" with the State of Michigan Department of Licensing and Regulatory Affairs.

13.     Sodecia Detroit, Sodecia NA, and Sodecia Auburn have all held themselves out as "Sodecia North America" in correspondence with Whitesell.

14.     Sodecia Detroit, Sodecia NA, and Sodecia Auburn are all engaged in the same or a substantially similar line of business. On information and belief, common principals operate Sodecia Detroit, Sodecia NA, and Sodecia Auburn with common assets, employees, or resources.

**Whitesell's Relationship with Sodecia Auburn**

15.     Whitesell's relationship with Sodecia Auburn originated with a requirements contract entered into with Kemmerich USA LP ("Kemmerich") to provide 100% of

3

Kemmerich's needs and requirements for Cargo Loops for use on several GM vehicle platforms (the "Cargo Loop Contract") for the life of the part.

16.     Development and tooling for the Cargo Loops required a large investment from Whitesell, and Kemmerich's commitment to purchase the Cargo Loops for the life of the part was a significant inducement for Whitesell to enter into the Cargo Loop Contract. Whitesell understood at the time that Kemmerich would purchase the Cargo Loops for the life of the part.

17.     Kemmerich's parent company became insolvent, and in August 2016, the Sodecia S.A. conglomerate purchased Kemmerich's parent company's business, including Kemmerich. Kemmerich itself was not insolvent.

18.     On November 1, 2016, Kemmerich filed paperwork with the Georgia Secretary of state to change its name from Kemmerich USA LP to Sodecia Automotive Auburn LP.

19.     As part of its takeover of Kemmerich's business operations, Sodecia Auburn retained Kemmerich's obligations on the Cargo Loop Contract. Following its purchase of Kemmerich, Sodecia Auburn acknowledged and reaffirmed its obligations under, and its commitment to abide by, the terms of the Cargo Loop Contract.

20.     The course of dealing between Sodecia Auburn and Whitesell during the performance of the Cargo Loop Contract has been as follows:

a.     Sodecia Auburn would submit a discrete purchase order for a quantity of Cargo Loops to Whitesell at its Muscle Shoals facility;

4

b.   Whitesell would produce Cargo Loops at its Muscle Shoals facility according to Sodecia Auburn's purchase order, holding the Cargo Loops at its Tuscumbia, Alabama facility until it received a release for shipment to Sodecia Auburn;

c.   when Sodecia Auburn needed the Cargo Loops, it would send a release for shipment of a specified number of Cargo Loops to Whitesell;

d.   Whitesell would ship the specified number of Cargo Loops directly to Sodecia Auburn, then invoice Sodecia Auburn on a net 60 basis.

21.   Although the number of Cargo Loops in each shipment to Sodecia Auburn would vary, Whitesell manufactured thousands of Cargo Loops per week to fill Sodecia Auburn's requirements.

22.   Sodecia Auburn has ceased paying on Whitesell's invoices, and has an open and past due balance of $214,167.90.

23.   Sodecia Auburn now refuses to issue shipment releases for deliveries of Cargo Loops from Whitesell.  Whitesell followed the forecasts of usage for the OEM, as previously provided by Sodecia Auburn, in ordering raw material and manufacturing the Cargo Loops.  This has resulted in Whitesell accumulating an inventory of Cargo Loops valued at over $800,000.00.

24.   On information and belief, Sodecia Auburn is now purchasing Cargo Loops from another vendor, in violation of the Cargo Loop Contract.

5

25.     Whitesell entered into the Cargo Loop Contract with the expectation that it would provide Sodecia Auburn's requirements and be Sodecia Auburn's sole source for the Cargo Loops for the life of the part.

26.     Sodecia Auburn has stopped purchasing Cargo Loops from Whitesell, depriving Whitesell of revenue from supplying Sodecia Auburn's needs and requirements over the remaining life of the Cargo Loop part.

27.     In reliance on Sodecia Auburn's commitments, Whitesell made significant investments in unique equipment necessary to produce the Cargo Loop part. Because of Sodecia Auburn's actions, Whitesell stands to lose several million dollars. In addition to the pure monetary damages, the loss of the promised stream of income from Sodecia Auburn may force Whitesell to reduce its workforce.

28.     On March 14, 2018, Whitesell notified Sodecia Auburn of its open balances, including both open invoices and the accumulated inventory of Cargo Loops by letter, demanding that Sodecia Auburn make good on its open balances by March 21, 2018.

29.     Because of Sodecia Auburn's actions, on April 5, 2018, Whitesell placed all companies under the Sodecia North America umbrella, including Sodecia Auburn and Sodecia Detroit, on a "credit hold," meaning that Whitesell will no longer ship any parts or materials to any Sodecia North America entity without cash in advance.

**Whitesell's Relationship with Sodecia Detroit**

30.     Whitesell's relationship with Sodecia Detroit originated as two purchase orders with AZ Automotive Corp to provide the Bolts (the "Purchase Orders").

6

31.     In 2012, the Sodecia S.A. conglomerate acquired AZ Automotive Corp., changing its name to Sodecia USA Automotive Corp.  On March 28, 2017, Sodecia USA Automotive Corp. changed its name to Sodecia Automotive Detroit Corp.

32.     Through its various name changes, Sodecia Detroit has continued to order the Bolts from Whitesell under the Purchase Orders.

33.     The course of dealing between Sodecia Detroit and Whitesell during the life of the Purchase Orders has been that:

    a.  Sodecia Detroit would electronically notify Whitesell at its Muscle Shoals facility that it needed a particular quantity of a particular type of Bolt on a particular date (each a "Release");

    b.  Whitesell would manufacture the Bolts at its Muscle Shoals facility;

    c.  Whitesell would ship the Bolts to Sodecia Detroit from its Tuscumbia facility;

    d.  Whitesell would invoice Sodecia Detroit for the shipped Bolts on a net 60 basis.

34.     Sodecia Detroit has not paid for Bolts that Whitesell delivered to it more than 60 days ago.

35.     As noted above, on April 5, 2018, Whitesell placed its relationships with Sodecia N.A. conglomerate members on a cash-only basis.

36.     Sodecia Detroit has continued to place orders with Whitesell after notification of the change in billing terms.

7

37.     Sodecia Detroit has not paid Whitesell for Bolts that is has delivered since being notified that it is on a cash-only basis.

## COUNT ONE – BREACH OF CONTRACT
### (Sodecia Auburn)

38.     Whitesell realleges each and every preceding paragraph as if set forth in full here.

39.     The Cargo Loop Contract constitutes a valid and binding contract between Whitesell and Sodecia Auburn.

40.     Whitesell has fully performed its obligation under the Cargo Loop Contract to supply Sodecia Auburn with Cargo Loops.

41.     Sodecia Auburn has failed to perform its obligations under the Cargo Loop Contract by:

   a.   failing to pay for delivered goods;

   b.   failing to pay invoiced amounts when due;

   c.   refusing to issue shipment releases for ordered Cargo Loops; and

   d.   sourcing Cargo Loops from other manufacturers.

42.     As a proximate result of Sodecia Auburn's breach of the Cargo Loop Contract, Whitesell has suffered and will suffer significant monetary damages.

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court enter judgment against Sodecia Auburn in Whitesell's favor for compensatory damages in an

8

amount to be determined by the finder of fact, prejudgment interest, and costs of this action, as well as such other legal and equitable relief as the Court determines is necessary to do justice between the parties.

## COUNT TWO—ACCOUNT STATED
### (Sodecia Auburn)

43.     Whitesell realleges each and every preceding paragraph as if set forth in full here.

44.     On March 14, 2018, Whitesell rendered a statement of account to Sodecia Auburn, detailing the amount due on Sodecia Auburn's account.

45.     Sodecia Auburn has not disputed this statement of account.

46.     Sodecia Auburn has not paid or made any arrangement to pay Whitesell the amount shown on the statement of account.

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court enter judgment against Sodecia Auburn in Whitesell's favor for compensatory damages in an amount to be determined by the finder of fact, prejudgment interest, and costs of this action, as well as such other legal and equitable relief as the Court determines is necessary to do justice between the parties.

## COUNT THREE—QUANTUM MERUIT/VALEBANT
### (Sodecia Auburn)

47.     Whitesell realleges each and every preceding paragraph as if set forth in full here.

48.     Whitesell pleads this count in the alternative to Count One.

9

49.     By providing Sodecia Auburn with Cargo Loops, Whitesell conferred a benefit on Sodecia Auburn, which Sodecia Auburn knowingly accepted.

50.     Whitesell had a reasonable expectation of being compensated for the Cargo Loops it provided Sodecia Auburn.

51.     Sodecia Auburn has not paid Whitesell for a portion of the Cargo Loops it has provided.

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court enter judgment against Sodecia Auburn in Whitesell's favor for compensatory damages in an amount to be determined by the finder of fact, prejudgment interest, and costs of this action, as well as such other legal and equitable relief as the Court determines is necessary to do justice between the parties.

## COUNT FOUR—BREACH OF CONTRACT
### (Sodecia Detroit)

52.     Whitesell realleges each and every preceding paragraph as if set forth in full here.

53.     Each Release Sodecia Detroit sent to Whitesell was an offer, which Whitesell accepted by performance, forming individual contracts (the "Bolt Contracts"). In this case, Whitesell's performance was shipping Bolts to Sodecia Detroit.

54.     Whitesell's performance under each Bolt Contract was complete when it sent Bolts in conformity with the Release to Sodecia Detroit.

10

55.     By failing to pay the outstanding balance on Bolt Contracts, Sodecia Detroit has failed to perform its duties thereunder.

56.     As a proximate result of Sodecia Auburn's breach of the Bolt Contracts, Whitesell has suffered and will suffer significant monetary damages.

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court enter judgment against Sodecia Detroit in Whitesell's favor for compensatory damages to be determined by the finder of fact (but not to exceed $75,000.00), prejudgment interest, and costs of this action, as well as such other legal and equitable relief as the Court determines is necessary to do justice between the parties.

## COUNT FIVE—QUANTUM MERUIT/VALEBANT
### (Sodecia Detroit)

57.     Whitesell realleges each and every preceding paragraph as if set forth in full here.

58.     Whitesell pleads this count in the alternative to Count Four.

59.     By providing Sodecia Detroit with Bolts, Whitesell conferred a benefit on Sodecia Detroit, which Sodecia Detroit knowingly accepted.

60.     Whitesell had a reasonable expectation of being compensated for the Bolts it provided to Sodecia Detroit.

61.     Sodecia Detroit has not paid Whitesell for a portion of the Bolts it has provided.

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court enter judgment against Sodecia Detroit in Whitesell's favor for compensatory damages in an

11

amount to be determined by the finder of fact (but not to exceed $75,000.00), prejudgment

interest, and costs of this action, as well as such other legal and equitable relief as the Court

determines is necessary to do justice between the parties.

## COUNT SIX—ENTERPRISE LIABILITY
### (Sodecia NA)

62.     Whitesell realleges each and every preceding paragraph as if set forth in full here.

63.     Sodecia Auburn, Sodecia Detroit, and Sodecia NA are engaged in the same or a

substantially similar line of business, and hold themselves out as the same company, Sodecia

North America.  These three entities are controlled by common principals, using common assets,

employees, or resources.  Accordingly, Sodecia Auburn, Sodecia Detroit, and Sodecia NA

should be deemed a common enterprise, such that they are viewed as a single entity and not

separate legal fictions, and Sodecia NA should be held jointly and severally liable for the

breaches complained of above.

Wherefore, premises considered, Whitesell respectfully requests this Honorable Court

enter judgment against Sodecia NA in Whitesell's favor holding it jointly and severally liable for

the breaches complained of in Counts One through Five, along with costs of this action and such

other legal and equitable relief as the Court determines is necessary to do justice between the

parties.

12

**WHITESELL DEMANDS TRIAL BY STRUCK JURY ON ALL COUNTS SO TRIABLE**

Respectfully submitted,

/s/ Michael W. Rich
David B. Block (ASB-5098-K62D)
Michael W. Rich (ADB-0880-D77I)

**OF COUNSEL:**
MAYNARD COOPER & GALE, P.C.
655 Gallatin Street SW
Huntsville, Alabama 35801
Telephone: 256.551.0171
Facsimile: 256.512.0119

Serve by certified mail to:

Sodecia Automotive Auburn LP
c/o National Registered Agents Inc.
2 North Jackson Street Suite 605
Montgomery, Alabama 36104

Sodecia Automotive Detroit Corp.
c/o Regan J. Duffy
1111 W Long Lake Rd Suite 202
Troy, Michigan 48098

Sodecia Automotive North America, Inc.
c/o Regan J. Duffy
1111 W Long Lake Rd Suite 202
Troy, Michigan 48098

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL 740596

| Certified Mail Fee | |
|---|---|
| $ | 7.83 |

**Extra Services & Fees** *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)    $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery    $ _____
☐ Adult Signature Required    $ _____
☐ Adult Signature Restricted Delivery    $ _____

Postmark
Here

Postage

$

**Total Postage and Fees**

$

CV-18-000006

*Sent To* Sodecia Automotive Detriot Corp

*Street and Apt. No., or PO Box No.* 1111 W. Long Lake Rd Suite

*City, State, ZIP+4®* Troy, MI 48098

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7181 7121 4933 0000 1000 2102

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).

- A unique identifier for your mailpiece.

- Electronic verification of delivery or attempted delivery.

- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.

- Certified Mail service is *not* available for international mail.

- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.

- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.

  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).

  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800,** April 2015 *(Reverse)* PSN 7530-02-000-9047

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee

$ 12.93

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)        $ _____

☐ Return Receipt (electronic)      $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required          $ _____

☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

Postmark
Here

03

CV-18-000006

Sent To Sodecia Automotive North Amer

Street and Apt. No., or PO Box No. 1111 W Long Lake Rd Suite

City, State, ZIP+4® Troy MI 48098

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7017 1000 0000 3369 7148

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).

- A unique identifier for your mailpiece.

- Electronic verification of delivery or attempted delivery.

- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.

- Certified Mail service is *not* available for international mail.

- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.

- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt;* attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.

  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).

  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800,** April 2015 *(Reverse)* PSN 7530-02-000-9047

CV-18-000006 &

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bodecia Automotive
Debit Corp
C/o Regan J Duffy
111 W Long Lake Rd Suite
Troy MI 48098

9590 9402 3838 8032 0774 07

2. Article Number (transfer from service label)

7017 1000 0000 3369 7181

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

United States
Postal Service

USPS TRACKING #

9590 9402 3838 8032 0774 07

• Sender: Please print your name, address, and ZIP+4® in this box•

Nancy L Hearn
Circuit Clerk
Colbert County Courthouse
P.O. Box 740370
Tuscumbia, AL 35674

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



CV-18-000004 △3

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sodecia Automotive North
America, Inc
c/o Regan J Duffy
1771 W Long Lake Rd Suite
Troy, MI 48098

9590 9402 3838 8032 0774 14

2. Article Number (Transfer from service label)

7017 1000 0000 3369 7198

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic P



United States
Postal Service

USPS TRACKING #

9590 9402 3838 8032 0774 14

FILED IN OFFICE
NANCY L. HEARN
CIRCUIT COURT CLERK

APR 24   PM 2:59

• Sender: Please print your name, address, and ZIP+4® in this box•

Nancy L. Hearn
Circuit Clerk
Colbert County Courthouse
P.O. Box 740370
Tuscumbia, AL 35674

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

20-CV-2018-000006.00

To:   BRETT A IALACCI
      bialacci@badhambuck.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WHITESELL CORPORATION VS SODECIA AUTOMATIVE AUBURN LP
20-CV-2018-000006.00

The following answer was FILED on 5/9/2018 4:00:15 PM

Notice Date:      5/9/2018 4:00:15 PM

NANCY L. HEARN
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511

ELECTRONICALLY FILED
5/9/2018 5:59 PM
20-CV-2018-000006.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

**IN THE CIRCUIT COURT FOR COLBERT COUNTY, ALABAMA**

| | |
|---|---|
| **WHITESELL CORPORATION,** | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| **v.** | ) **Case No. 20-cv-2018-000006.00** |
| | ) |
| **SODECIA AUTOMOTIVE AUBURN LP;** | ) |
| **SODECIA AUTOMOTIVE DETROIT LP;** | ) |
| **and SODECIA AUTOMOTIVE NORTH** | ) |
| **AMERICA, INC.,** | ) |
| | ) |
| **Defendant**. | ) |
| | ) |

**DEFENDANT SODECIA AUTOMOTIVE AUBURN, LP'S**
**ANSWER TO FIRST AMENDED AND RESTATED COMPLAINT**

Defendant Sodecia Automotive Auburn, LP ("Sodecia Auburn") hereby answers the

Amended Complaint filed by Whitesell Corporation ("Whitesell") as follows:

**PARTIES**

1.      Admitted.

2.      Sodecia Auburn admits that it is a limited partnership organized under the laws of

the State of Georgia with its principal place of business in Auburn, Alabama.  Sodecia Auburn

admits that its general partner is Sodecia Management USA, Inc.  Sodecia Auburn admits that

Sodecia Management USA, Inc. is a corporation organized under the laws of the State of Georgia.

Sodecia Auburn DENIES that Sodecia Management USA, Inc.'s principal place of business is in

Auburn, Lee County Alabama.  Sodecia Management USA, Inc.'s principal place of business is in

Troy, Michigan.

3.      Sodecia Auburn admits that Sodecia Automotive Detroit Corp. ("Sodecia Detroit")

is a corporation organized under the laws of the State of Delaware.  Sodecia Auburn DENIES that

Sodecia Detroit's principal place of business is in Roseville, Macomb Country, Michigan.  Sodecia Detroit's principal place of business is in Troy, Michigan which is in Oakland County.

4.      Sodecia Auburn admits that Sodecia Automotive North America, Inc. ("Sodecia NA") is a corporation organized under the laws of the State of Delaware.  Sodecia Auburn DENIES that Sodecia NA has its principal place of business in Roseville, Macomb County, Michigan.  Sodecia NA's principal place of business is in Troy, Michigan which is in Oakland County.

## VENUE AND JURISDICTION

5.      Admitted.

6.      Sodecia Auburn admits that it had a business relationship with Whitesell and that Whitesell is located in Colbert County, Alabama.  Sodecia Auburn denies that it has done business in Colbert County, Alabama.  Sodecia Auburn lacks sufficient information to admit or deny the remaining allegations in paragraphs 6 and, therefore, denies the same.

## FACTUAL ALLEGATIONS

### The Sodecia Conglomerate

7.      Denied. Sodecia Auburn denies the allegations in paragraph 7 in the form and manner stated because there is no legal entity "Sodecia S.A."

8.      Sodecia Auburn denies the allegations in the first sentence of paragraph 8 in the form and manner stated because there is no legal entity "Sodecia S.A."  Sodecia Auburn admits that it is a Tier One supplier to General Motors. Sodecia Auburn admits the remaining allegations in paragraph 8.

9.      Admitted.

10.     Denied.  Whitesell does not currently supply wire-form components ("Cargo Loops") or any other parts to Sodecia Auburn. Whitesell supplied Cargo Loops to Sodecia Auburn in the past.

11.     Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 11 and therefore denies the same.

12.     Admitted.

13.     Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 13 and therefore denies the same.

14.     Denied.

### Whitesell's Relationship with Sodecia Auburn

15.     Sodecia Auburn admits that Whitesell and Kemmerich USA LP entered into an agreement relating to the supply of Wire-Form components for the General Motors CIUX and D2VX vehicle platforms dated October 30, 2014.  That agreement speaks for itself.  In 2016, Whitesell attempted to unilaterally modify the terms of the contract between Whitesell and Sodecia Auburn.  Sodecia Auburn never accepted those unilateral modifications.  The term "Cargo Loop Contract" is vague and ambiguous as used in paragraph 15 and Sodecia Auburn denies the allegations related to that term.  Sodecia Auburn denies any remaining allegations in paragraph 15.

16.     Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 16 and therefore denies the same.

17.     Sodecia Auburn denies the first sentence of paragraph 17 in the form and manner stated because there is no legal entity "Sodecia S.A."  Sodecia Automotive North America, Inc. purchased Kemmerich USA LP in 2016.  Sodecia Auburn lacks sufficient information to admit or deny the remaining allegations in paragraph 17 and therefore denies the same.

18.     Admitted.

3

19.     Denied.  Sodecia Auburn admits that Whitesell and Kemmerich USA LP entered into an agreement relating to the supply of Wire-Form components for the General Motors CIUX and D2VX vehicle platforms dated October 30, 2014.  That agreement speaks for itself.  In 2016, Whitesell attempted to unilaterally modify the terms of the contract between Whitesell and Sodecia Auburn.  Sodecia Auburn never accepted those unilateral modifications.  The term "Cargo Loop Contract" is vague and ambiguous as used in paragraph 19 and Sodecia Auburn denies the allegations related to that term.  Sodecia Auburn denies any remaining allegations in paragraph 19.

20.     Sodecia Auburn denies that there was a consistent course of dealing with Whitesell for the supply of Cargo Loops because, among other things, Whitesell attempted to change the terms of the October 30, 2014 agreement.

        a.   Denied.

        b.   Denied.

        c.   Denied.

        d.   Denied.

21.     Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 21 and therefore denies the same.

22.     Sodecia Auburn admits that it has ceased paying on Whitesell's invoices.  Sodecia Auburn admits that it owes Whitesell for Cargo Loops that Sodecia Auburn has accepted but not yet tendered payment.  Sodecia Auburn lacks sufficient information to admit or deny the remaining allegations in paragraph 22 and therefore denies the same.

23.     Sodecia Auburn is no longer ordering Cargo Loops from Whitesell due to Whitesell unilaterally attempting to change the terms of the contract.  Sodecia Auburn denies that its actions caused Whitesell to accumulate an inventory of Cargo Loops.  Sodecia Auburn lacks sufficient

information to admit or deny the remaining allegations in paragraph 23 and therefore denies the same.

24.     Sodecia Auburn admits that it is purchasing Cargo Loops from another supplier due to Whitesell unilaterally attempting to change the terms of the contract. Sodecia Auburn denies that it has violated the Cargo Loop Contract and the other allegations in paragraph 24.

25.     Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 25 and therefore denies the same.

26.     Sodecia Auburn admits that it has stopped purchasing Cargo Loops from Whitesell. Sodecia Auburn denies the remaining allegations in paragraph 26.

27.     Sodecia Auburn lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 27 and therefore denies the same.  Sodecia Auburn denies the remaining allegations contained in paragraph 27.

28.     Sodecia Auburn admits that it received a letter from Whitesell dated March 14, 2018.  The letter speaks for itself.

29.     Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 29 and therefore denies the same.

### Whitesell's Relationship with Sodecia Detroit

30.     Paragraph 30 does not include allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 30 and therefore denies the same.

31.     Paragraph 31 does not include allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 31 and therefore denies the same.

32.     Paragraph 32 does not include allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 32 and therefore denies the same.

33.     Paragraph 33 does not include allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 33 and therefore denies the same.

34.     Paragraph 34 does not include allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 34 and therefore denies the same.

35.     Paragraph 35 does not include allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 35 and therefore denies the same.

36.     Paragraph 36 does not include allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 36 and therefore denies the same.

37.     Paragraph 37 does not include allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraph 37 and therefore denies the same.

## COUNT ONE – BREACH OF CONTRACT
### (Sodecia Aubrn)

38.     Sodecia Auburn repeats and reavers each and every preceding paragraph as if set forth in full here.

39.     Denied.  Sodecia Auburn admits that Whitesell and Kemmerich USA LP entered into an agreement relating to the supply of Wire-Form components for the General Motors CIUX

and D2VX vehicle platforms dated October 30, 2014.  That agreement speaks for itself.  In 2016, Whitesell attempted to unilaterally modify the terms of the contract between Whitesell and Sodecia Auburn.  Sodecia Auburn never accepted those unilateral modifications.  The term "Cargo Loop Contract" is vague and ambiguous as used in paragraph 39 and Sodecia Auburn denies the allegations related to that term.

40.     Denied.

41.     Denied.  Sodecia Auburn denies the allegations in the form and manner stated. Sodecia Auburn honored the contract with Whitesell until Whitesell attempted to unilaterally modify the terms of the contract in 2016.

42.     Denied.

WHEREFORE, Sodecia Auburn denies that Whitesell is entitled to the relief sought.

### COUNT TWO – ACCOUNT STATED
#### (Sodecia Auburn)

43.     Sodecia Auburn repeats and reavers each and every preceding paragraph as if set forth in full here.

44.     Sodecia Auburn admits that it received a letter from Whitesell dated March 14, 2018.  The letter speaks for itself.

45.     Denied.

46.     Admitted.

WHEREFORE, Sodecia Auburn denies that Whitesell is entitled to the relief sought.

### COUNT THREE – QUANTUM MERUIT/VALEBANT
#### (Sodecia Auburn)

47.     Sodecia Auburn repeats and reavers each and every preceding paragraph as if set forth in full here.

48.     Paragraph 48 does not contain any allegations that require a response from Sodecia Auburn.

49.     Admitted to the extent the Cargo Loops were conforming goods.

50.     Admitted to the extent the Cargo Loops were conforming goods.

51.     Admitted.

WHEREFORE, Sodecia Auburn admits that Whitesell is entitled to compensation on the conforming Cargo Loops that Sodecia Auburn has accepted from Whitesell.

**COUNT FOUR – BREACH OF CONTRACT**
**(Sodecia Detroit)**

52.     Sodecia Auburn repeats and reavers each and every preceding paragraph as if set forth in full here.

53-56.     Paragraphs 53-56 do not include allegations that require a response from Sodecia Auburn.   Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraphs 53-56 and therefore denies the same.

WHEREFORE, Sodecia Auburn denies that Whitesell is entitled to the relief sought.

**COUNT FIVE – QUANTUM MERUIT/VALEBANT**
**(Sodecia Detroit)**

57.     Sodecia Auburn repeats and reavers each and every preceding paragraph as if set forth in full here.

58-61.     Paragraphs 58-61 do not contain any allegations that require a response from Sodecia Auburn.  Sodecia Auburn lacks sufficient information to admit or deny the allegations in paragraphs 58-61 and therefore denies the same.

WHEREFORE, Sodecia Auburn denies that Whitesell is entitled to the relief sought.

## COUNT SIX – ENTERPRISE LIABILITY
### (Sodecia NA)

62.     Sodecia Auburn repeats and reavers each and every preceding paragraph as if set forth in full here.

63.     Denied.

WHEREFORE, Sodecia Auburn denies that Whitesell is entitled to the relief sought.


## **AFFIRMATIVE DEFENSES**

1.     Whitesell's claims sounding in equity are barred because the parties entered into a binding contract governing the transaction at issue.  [Do we want to affirm the contract?]

2.     Whitesell's claims are barred by the failure to give notice of breach as required by the U.C.C.

3.     Whitesell's claims are barred by lack of consideration.

4.     Whitesell's claims are barred because Whitesell committed the first material breach of the contract.

5.     Whitesell's claims are barred because Whitesell failed to perform its obligations under the contract.

6.     Whitesell's claims are barred by the parole evidence rule.

7.     Whitesell's claims are barred because its First Amended and Restated Complaint fails to state a claim upon which relief can be granted.

8.     Whitesell's claims are barred because Whitesell had a duty to supply goods that meet express and implied warranties and Whitesell failed to supply such goods.

9.     Whitesell's claims are barred by the doctrine of justification.

10.     Whitesell has failed to mitigate its damages.

9

11.    Whitesell's claims are barred because Whitesell breached the Cargo Loop Contract.

12.    Some or all of Whitesell's claims are barred by Ala. Code § 7-2-202.

13.    Some or all of Whitesell's claims are barred because Whitesell has breached the duty of good faith and fair dealing and because Whitesell has acted in bad faith.

14.    Some or all of Whitesell's claims are barred because Whitesell is a "merchant" under Article 2 of the U.C.C. and Ala. Code § 7-2-101, *et seq*.

15.    Some or all of Whitesell's claims and requested relief are barred by the Terms and Conditions of Sale.

16.    Whitesell's claims are barred because if Whitesell suffered damages, such damages were caused, in whole or in part, by the acts or omissions of Whitesell or of third parties for whom Sodecia Auburn should not be held liable.

17.    At the time this answer is filed, Sodecia Auburn has not obtained discovery from Whitesell. Accordingly, Sodecia Auburn reserves its rights to amend this answer to assert each such supplemental or additional defenses, counterclaims or third party claims as are appropriate upon the completion of discovery.

18.    Whitesell's claims are barred, in whole or in part, by waiver.

19.    Whitesell's claims are barred, in whole or in part, by estoppel.

20.    Whitesell's claims are barred, in whole or in part, by the doctrine of unclean hands.

21.    Whitesell's claims are barred, in whole or in part, by the terms of the applicable contract(s).

22.    Whitesell's claims are barred, in whole or in part, by failure to satisfy a condition precedent.

This the 9th day of May, 2018.

10

_s/ Brett A. Ialacci_
Brannon J. Buck (BUC019)
bbuck@badhambuck.com
Brett A. Ialacci (IAL001)
bialacci@badhambuck.com
Lance L. Goodson (GOO056)

OF COUNSEL:
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
Phone: (205) 521-0036
Fax: (205) 521-0037

_s/ Larry B. Moore_
Larry B. Moore (MOO038)
lbmoore@mblattorneys.com
Ian M. Berry (BER042)
imberry@mblattorneys.com
Attorneys for Defendant Sodecia Automotive
Detroit Corp.

OF COUNSEL:
Moore, Berry & Linville
211 North Court Street
Florence, Alabama 35630
Phone (256) 718-0120
Fax: (256) 718-0251

11

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of this has been served upon the following via the CM/ECF Electronic Filing and/or e-mail, on this the 9th day of May, 2018.

David Block
dblock@maynardcooper.com
Will A. Smith
wsmith@maynardcooper.com
Michael W. Rich
mrich@maynardcooper.com
MAYNARD COOPER & GALE
1901 Sixth Avenue North, Ste. 2400
Birmingham, AL 35203
Telephone: (205) 254-1000

*s/ Brett A. Ialacci*
OF COUNSEL