# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **WHITESELL CORPORATION,** | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-00731-UJH-MHH |
| | ) |
| **SODECIA AUTOMOTIVE AUBURN LP; SODECIA AUTOMOTIVE DETROIT LP[1]; and SODECIA AUTOMOTIVE NORTH AMERICA, INC.,** | ) ) ) ) ) |
| | ) |
| **Defendant**. | ) |

### DEFENDANT SODECIA AUTOMOTIVE DETROIT CORP.'S ANSWER TO FIRST AMENDED AND RESTATED COMPLAINT

Defendant Sodecia Automotive Detroit Corp. ("Sodecia Detroit") hereby answers the Amended Complaint filed by Whitesell Corporation ("Whitesell") as follows:

### PARTIES

1. Admitted.

2. Sodecia Detroit admits that Sodecia Automotive Auburn LP ("Sodecia Auburn") is a limited partnership organized under the laws of the State

---

[1] Plaintiff Whitesell incorrectly referred to Sodecia Automotive Detroit Corp. as Sodecia Automotive Detroit LP in the style of the First Amended and Restated Complaint.  Whitesell correctly referred to Sodecia Automotive Detroit Corp. as Sodecia Automotive Detroit Corp. in the remainder of the First Amended and Restated Complaint.

of Georgia with its principal place of business in Auburn, Alabama. Sodecia Detroit admits that Sodecia Auburn's general partner is Sodecia Management USA, Inc. Sodecia Detroit admits that Sodecia Management USA, Inc. is a corporation organized under the laws of the State of Georgia. Sodecia Detroit denies that Sodecia Management USA, Inc.'s principal place of business is in Auburn, Lee County Alabama. Sodecia Management USA, Inc.'s principal place of business is in Troy, Michigan.

3.  Sodecia Detroit admits that it is a corporation organized under the laws of the State of Delaware. Sodecia Detroit denies that its principal place of business is in Roseville, Macomb County, Michigan. Sodecia Detroit's principal place of business is in Troy, Michigan which is in Oakland County.

4.  Sodecia Detroit admits that Sodecia Automotive North America, Inc. ("Sodecia NA") is a corporation organized under the laws of the State of Delaware. Sodecia Detroit DENIES that Sodecia NA has its principal place of business in Roseville, Macomb County, Michigan. Sodecia NA's principal place of business is in Troy, Michigan which is in Oakland County.

## VENUE AND JURISDICTION

5.  This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and complete diversity exists between the parties.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### The Sodecia Conglomerate

7. Denied. Sodecia Detroit denies the allegations in paragraph 7 in the form and manner stated because there is no legal entity "Sodecia S.A."

8. Sodecia Detroit denies the allegations in the first sentence of paragraph 8 in the form and manner stated because there is no legal entity "Sodecia S.A." Sodecia Detroit admits that it is a Tier One supplier to General Motors. Sodecia Detroit admits the remaining allegations in paragraph 8.

9. Admitted.

10. Paragraph 10 does not contain any allegations directed at Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 10 and therefore denies the same.

11. Denied. Whitesell supplies two types of bolts to Sodecia Detroit, not three types of bolts. Whitesell supplies 2 other types of parts to Sodecia Detroit.

12. Admitted.

13. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 13 and therefore denies the same.

14. Denied.

## Whitesell's Relationship with Sodecia Auburn

15. Paragraph 15 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 15 and therefore denies the same.

16. Paragraph 16 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 16 and therefore denies the same.

17. Paragraph 17 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 17 and therefore denies the same.

18. Paragraph 18 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 18 and therefore denies the same.

19. Paragraph 19 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 19 and therefore denies the same.

20. Paragraph 20 (including its subparts) does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 20 (including its subparts) and therefore denies the same.

21. Paragraph 21 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 21 and therefore denies the same.

22. Paragraph 22 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 22 and therefore denies the same.

23. Paragraph 23 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 23 and therefore denies the same.

24. Paragraph 24 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 24 and therefore denies the same.

25. Paragraph 25 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 25 and therefore denies the same.

26. Paragraph 26 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 26 and therefore denies the same.

27. Paragraph 27 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 27 and therefore denies the same.

28. Paragraph 28 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 28 and therefore denies the same.

29. Paragraph 29 does not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraph 29 and therefore denies the same.

### Whitesell's Relationship with Sodecia Detroit

30. Admitted.

31. Sodecia Detroit denies the first sentence of paragraph 31. Sodecia Detroit admits the second sentence of paragraph 31.

32. Sodecia Detroit admits that it (and its predecessor entities) has continuously ordered parts from Whitesell under the Purchase Orders.

33. Sodecia Detroit responds to each subpart of paragraph 33 as follows:

    a. Sodecia Detroit admits that it ordered pats from Whitesell by issuing "Releases."

    b. Admitted.

    c. Admitted.

   d. Admitted.

  34. Denied. Sodecia Detroit has paid Whitesell for all conforming parts that Whitesell has supplied to Sodecia Detroit. On April 27, 2018, this Court issued an injunction requiring Whitesell to comply with Releases issued by Sodecia Detroit and requiring Sodecia Detroit to pay cash in advance for the parts supplied pursuant to those Releases. Sodecia Detroit and Whitesell have operated on that basis, and continue to operate on that basis, since the Court's order.

  35. Sodecia Detroit admits that, on a certain date on or about April 5, 2018, Whitesell required cash-in-advance for purchases by Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the remaining allegations in paragraph 35 and therefore denies the same.

  36. Admitted.

  37. Denied. Sodecia Detroit has paid Whitesell for all conforming parts that Whitesell has supplied to Sodecia Detroit. On April 27, 2018, this Court issued an injunction requiring Whitesell to comply with Releases issued by Sodecia Detroit and requiring Sodecia Detroit to pay cash in advance for the parts supplied pursuant to those Releases. Sodecia Detroit and Whitesell have operated on that basis, and continue to operate on that basis, since the Court's order.

## COUNT ONE – BREACH OF CONTRACT
### (Sodecia Auburn)

38. Sodecia Detroit repeats and reavers each and every preceding paragraph as if set forth in full here.

39-42. Paragraphs 39-42 do not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraphs 39-42 and therefore denies the same.

WHEREFORE, Sodecia Detroit denies that Whitesell is entitled to the relief sought.

## COUNT TWO – ACCOUNT STATED
### (Sodecia Auburn)

43. Sodecia Detroit repeats and reavers each and every preceding paragraph as if set forth in full here.

44-46. Paragraphs 44-46 do not include allegations that require a response from Sodecia Detroit. Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraphs 44-46 and therefore denies the same.

WHEREFORE, Sodecia Detroit denies that Whitesell is entitled to the relief sought.

## COUNT THREE – QUANTUM MERUIT/VALEBANT
### (Sodecia Auburn)

47. Sodecia Detroit repeats and reavers each and every preceding paragraph as if set forth in full here.

48-51.    Paragraphs 48-51 do not include allegations that require a response from Sodecia Detroit.  Sodecia Detroit lacks sufficient information to admit or deny the allegations in paragraphs 48-51 and therefore denies the same.

WHEREFORE, Sodecia Detroit denies that Whitesell is entitled to the relief sought.

## COUNT FOUR – BREACH OF CONTRACT
### (Sodecia Detroit)

52.    Sodecia Detroit repeats and reavers each and every preceding paragraph as if set forth in full here.

53.    Denied.

54.    Denied.

55.    Denied.  Sodecia Detroit has paid Whitesell for all conforming parts that Whitesell has supplied to Sodecia Detroit.

56.    Denied.

WHEREFORE, Sodecia Detroit denies that Whitesell is entitled to the relief sought.

## COUNT FIVE – QUANTUM MERUIT/VALEBANT
### (Sodecia Detroit)

57.    Sodecia Detroit repeats and reavers each and every preceding paragraph as if set forth in full here.

58. Paragraph 58 does not include allegations that require a response from Sodecia Detroit.

59. Admitted.

60. Admitted.

61. Denied. Sodecia Detroit has paid Whitesell for all conforming parts that Whitesell has supplied to Sodecia Detroit.

WHEREFORE, Sodecia Detroit denies that Whitesell is entitled to the relief sought.

## COUNT SIX – ENTERPRISE LIABILITY
### (Sodecia NA)

62. Sodecia Detroit repeats and reavers each and every preceding paragraph as if set forth in full here.

63. Denied.

WHEREFORE, Sodecia Detroit denies that Whitesell is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. Whitesell's claims sounding in equity are barred because the parties entered into a binding contract governing the transaction at issue.

2. Whitesell's claims are barred because Sodecia Detroit has paid Whitesell in-full for all conforming goods that were supplied by Whitesell and accepted by Sodecia Detroit.

3. Whitesell's claims are barred by the failure to give notice of breach as required by the U.C.C.

4. Whitesell's claims are barred by lack of consideration.

5. Whitesell's claims are barred because Whitesell committed the first material breach of the contract.

6. Whitesell's claims are barred because Whitesell failed to perform its obligations under the contract.

7. Whitesell's claims are barred by the parole evidence rule.

8. Whitesell's claims are barred because its First Amended and Restated Complaint fails to state a claim upon which relief can be granted.

9. Whitesell's claims are barred because Whitesell had a duty to supply goods that meet express and implied warranties and Whitesell failed to supply such goods.

10. Whitesell's claims are barred by the doctrine of justification.

11. Whitesell has failed to mitigate its damages.

12. Whitesell's claims are barred because Whitesell breached the Cargo Loop Contract.

13. Some or all of Whitesell's claims are barred by Ala. Code § 7-2-202.

14. Some or all of Whitesell's claims are barred because Whitesell has breached the duty of good faith and fair dealing and because Whitesell has acted in bad faith.

15. Some or all of Whitesell's claims are barred because Whitesell is a "merchant" under Article 2 of the U.C.C. and Ala. Code § 7-2-101, *et seq*.

16. Some or all of Whitesell's claims and requested relief are barred by the Terms and Conditions of Sale.

17. Whitesell's claims are barred because if Whitesell suffered damages, such damages were caused, in whole or in part, by the acts or omissions of Whitesell or of third parties for whom Sodecia Detroit should not be held liable.

18. At the time this answer is filed, Sodecia Detroit has not obtained discovery from Whitesell. Accordingly, Sodecia Detroit reserves its rights to amend this answer to assert each such supplemental or additional defenses, counterclaims or third party claims as are appropriate upon the completion of discovery.

19. Whitesell's claims are barred, in whole or in part, by waiver.

20. Whitesell's claims are barred, in whole or in part, by estoppel.

21. Whitesell's claims are barred, in whole or in part, by the doctrine of unclean hands.

22. Whitesell's claims are barred, in whole or in part, by the terms of the applicable contract(s).

23. Whitesell's claims are barred, in whole or in part, by failure to satisfy a condition precedent.

This the 18th day of May, 2018.

                                   *s/ Brett A. Ialacci*
                                    Brannon J. Buck (ASB-5848-K56B)
                                    bbuck@badhambuck.com
                                    Brett A. Ialacci (ASB-7679-E67I)
                                    bialacci@badhambuck.com
                                    *Attorneys for Sodecia Automotive Auburn LP, Sodecia Automotive Detroit Corp., and Sodecia Automotive North America, Inc.*

OF COUNSEL:
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
Phone: (205) 521-0036
Fax: (205) 521-0037

                                   *s/ Larry B. Moore*
                                    Larry B. Moore
                                    lbmoore@mblattorneys.com
                                    Ian M. Berry
                                    imberry@mblattorneys.com
                                    *Attorneys for Sodecia Automotive Auburn LP, Sodecia Automotive Detroit Corp., and Sodecia Automotive North America, Inc.*

OF COUNSEL:
MOORE, BERRY & LINVILLE
211 North Court Street
Florence, Alabama 35630
Phone (256) 718-0120
Fax: (256) 718-0251

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of this has been served upon the following via the CM/ECF Electronic Filing and/or e-mail, on this the 18th day of May, 2018.

David Block
Will A. Smith
Michael W. Rich
MAYNARD COOPER & GALE
1901 Sixth Avenue North, Ste. 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
dblock@maynardcooper.com
wsmith@maynardcooper.com
mrich@maynardcooper.com

            *s/ Brett A. Ialacci*
            OF COUNSEL