# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **WHITESELL CORPORATION,** | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-00731-UJH-MHH |
| | ) |
| **SODECIA AUTOMOTIVE AUBURN LP; SODECIA AUTOMOTIVE DETROIT LP[1]; and SODECIA AUTOMOTIVE NORTH AMERICA, INC.,** | ) |
| | ) |
| **Defendant**. | ) |

## DEFENDANT SODECIA AUTOMOTIVE NORTH AMERICA INC.'S ANSWER TO FIRST AMENDED AND RESTATED COMPLAINT

Defendant Sodecia Automotive North America, Inc. ("Sodecia NA") hereby answers the Amended Complaint filed by Whitesell Corporation ("Whitesell") as follows:

## PARTIES

1. Admitted.

2. Sodecia NA admits that Sodecia Automotive Auburn LP ("Sodecia Auburn") is a limited partnership organized under the laws of the State of Georgia

---

[1] Plaintiff Whitesell incorrectly referred to Sodecia Automotive Detroit Corp. as Sodecia Automotive Detroit LP in the style of the First Amended and Restated Complaint. Whitesell correctly referred to Sodecia Automotive Detroit Corp. as Sodecia Automotive Detroit Corp. in the remainder of the First Amended and Restated Complaint.

with its principal place of business in Auburn, Alabama. Sodecia NA admits that Sodecia Auburn's general partner is Sodecia Management USA, Inc. Sodecia NA admits that Sodecia Management USA, Inc. is a corporation organized under the laws of the State of Georgia. Sodecia NA denies that Sodecia Management USA, Inc.'s principal place of business is in Auburn, Lee County Alabama. Sodecia Management USA, Inc.'s principal place of business is in Troy, Michigan.

3. Sodecia NA admits that Sodecia Automotive Detroit Corp. ("Sodecia Detroit") is a corporation organized under the laws of the State of Delaware. Sodecia NA denies that Sodecia Detroit's principal place of business is in Roseville, Macomb County, Michigan. Sodecia Detroit's principal place of business is in Troy, Michigan which is in Oakland County.

4. Sodecia NA admits that it is a corporation organized under the laws of the State of Delaware. Sodecia NA denies that it has its principal place of business in Roseville, Macomb County, Michigan. Sodecia NA's principal place of business is in Troy, Michigan which is in Oakland County.

**VENUE AND JURISDICTION**

5. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and complete diversity exists between the parties..

6. Venue is proper pursuant to 28 U.S.C. § 1391.

2

## FACTUAL ALLEGATIONS

### The Sodecia Conglomerate

7. Denied. Sodecia NA denies the allegations in paragraph 7 in the form and manner stated because there is no legal entity "Sodecia S.A." Sodecia NA further denies the allegations in paragraph 7 in the former and manner stated because it contains a legal conclusion regarding the term "conglomerate" and the entities do not fall under the legal definition of that term.

8. Sodecia NA denies the allegations in the first sentence of paragraph 8 in the form and manner stated because there is no legal entity "Sodecia S.A." Sodecia NA admits the remaining allegations in paragraph 8. Sodecia NA further denies the allegations in paragraph 7 in the former and manner stated because it contains a legal conclusion regarding the term "conglomerate" and the entities do not fall under the legal definition of that term.

9. Admitted.

10. Denied. Whitesell does not currently supply wire-form components ("Cargo Loops") or any other parts to Sodecia Auburn. Whitesell supplied Cargo Loops to Sodecia Auburn in the past.

11. Denied. Whitesell supplies two types of bolts to Sodecia Detroit, not three types of bolts. Whitesell supplies 2 other types of parts to Sodecia Detroit.

12. Admitted.

13. Sodecia NA lacks sufficient information to admit or deny the allegations in paragraph 13 and therefore denies the same.

14. Denied.

### Whitesell's Relationship with Sodecia Auburn

15. Sodecia NA admits that Whitesell and Kemmerich USA LP entered into an agreement relating to the supply of Wire-Form components for the General Motors CIUX and D2VX vehicle platforms dated October 30, 2014. That agreement speaks for itself. In 2016, Whitesell attempted to unilaterally modify the terms of the contract between Whitesell and Sodecia Auburn. Sodecia Auburn never accepted those unilateral modifications. The term "Cargo Loop Contract" is vague and ambiguous as used in paragraph 15 and Sodecia NA denies the allegations related to that term. Sodecia NA denies any remaining allegations in paragraph 15.

16. Sodecia NA lacks sufficient information to admit or deny the allegations in paragraph 16 and therefore denies the same.

17. Sodecia NA denies the first sentence of paragraph 17 in the form and manner stated because there is no legal entity "Sodecia S.A." Sodecia NA further denies the allegations in paragraph 7 in the former and manner stated because it contains a legal conclusion regarding the term "conglomerate" and the entities do not fall under the legal definition of that term. Sodecia NA purchased Kemmerich

USA LP in 2016. Sodecia NA lacks sufficient information to admit or deny the remaining allegations in paragraph 17 and therefore denies the same.

 18. Admitted.

 19. Denied. Sodecia NA admits that Whitesell and Kemmerich USA LP entered into an agreement relating to the supply of Wire-Form components for the General Motors CIUX and D2VX vehicle platforms dated October 30, 2014. That agreement speaks for itself. In 2016, Whitesell attempted to unilaterally modify the terms of the contract between Whitesell and Sodecia Auburn. Sodecia Auburn never accepted those unilateral modifications. The term "Cargo Loop Contract" is vague and ambiguous as used in paragraph 19 and Sodecia NA denies the allegations related to that term. Sodecia NA denies any remaining allegations in paragraph 19.

 20. Sodecia NA denies that there was a consistent course of dealing with Whitesell for the supply of Cargo Loops because, among other things, Whitesell attempted to change the terms of the October 30, 2014 agreement.

  a. Denied.
  b. Denied.
  c. Denied.
  d. Denied.

 21. Sodecia NA lacks sufficient information to admit or deny the allegations in paragraph 21 and therefore denies the same.

22. Sodecia NA admits that Sodecia Auburn has ceased paying on Whitesell's invoices. Sodecia NA admits that Sodecia Auburn owes Whitesell for Cargo Loops that Sodecia Auburn has accepted but not yet tendered payment. Sodecia NA lacks sufficient information to admit or deny the remaining allegations in paragraph 22 and therefore denies the same.

23. Sodecia NA admits that Sodecia Auburn is no longer ordering Cargo Loops from Whitesell due to Whitesell unilaterally attempting to change the terms of the contract. Sodecia NA denies that Sodecia Auburn's actions caused Whitesell to accumulate an inventory of Cargo Loops. Sodecia NA states that Sodecia Auburn ceased ordering parts from Whitesell because Whitesell refused to ship any parts unless and until Sodecia Auburn signed a new agreement. Sodecia NA lacks sufficient information to admit or deny the remaining allegations in paragraph 23 and therefore denies the same.

24. Sodecia NA admits that Sodecia Auburn is purchasing Cargo Loops from another supplier due to Whitesell unilaterally attempting to change the terms of the contract. Sodecia NA states that Sodecia Auburn ceased ordering parts from Whitesell because Whitesell refused to ship any parts unless and until Sodecia Auburn signed a new agreement. Sodecia NA denies that Sodecia Auburn has violated the Cargo Loop Contract and the other allegations in paragraph 24.

25. Sodecia NA lacks sufficient information to admit or deny the allegations in paragraph 25 and therefore denies the same.

26. Sodecia NA admits that Sodecia Auburn has stopped purchasing Cargo Loops from Whitesell. Sodecia NA denies the remaining allegations in paragraph 26.

27. Sodecia NA lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 27 and therefore denies the same. Sodecia NA denies the remaining allegations contained in paragraph 27.

28. Sodecia NA lacks sufficient information to admit or deny the allegations in paragraph 28 and therefore denies the same.

29. Sodecia NA lacks sufficient information to admit or deny the allegations in paragraph 29 and therefore denies the same.

### Whitesell's Relationship with Sodecia Detroit

30. Admitted.

31. Sodecia NA denies the first sentence of paragraph 31. Sodecia NA admits the second sentence of paragraph 31.

32. Sodecia NA admits that Sodecia Detroit (and its predecessor entities) has continuously ordered parts from Whitesell under the Purchase Orders.

33. Sodecia NA responds to each subpart of paragraph 33 as follows:

      a. Sodecia NA admits that Sodecia Detroit ordered pats from Whitesell by issuing "Releases.".

      b. Admitted.

      c. Admitted.

      d. Admitted.

34. Denied. Sodecia Detroit has paid Whitesell for all conforming parts that Whitesell has supplied to Sodecia Detroit. On April 27, 2018, this Court issued an injunction requiring Whitesell to comply with Releases issued by Sodecia Detroit and requiring Sodecia Detroit to pay cash in advance for the parts supplied pursuant to those Releases. Sodecia Detroit and Whitesell have operated on that basis, and continue to operate on that basis, since the Court's order.

35. Sodecia NA admits that, on a certain date on or about April 5, 2018, Whitesell required cash-in-advance for purchases by Sodecia Detroit. Sodecia NA lacks sufficient information to admit or deny the remaining allegations in paragraph 35 and therefore denies the same.

36. Admitted.

37. Denied. Sodecia Detroit has paid Whitesell for all conforming parts that Whitesell has supplied to Sodecia Detroit. On April 27, 2018, this Court issued an injunction requiring Whitesell to comply with Releases issued by Sodecia Detroit and requiring Sodecia Detroit to pay cash in advance for the parts

supplied pursuant to those Releases. Sodecia Detroit and Whitesell have operated on that basis, and continue to operate on that basis, since the Court's order.

### COUNT ONE – BREACH OF CONTRACT
### (Sodecia Auburn)

38.  Sodecia NA repeats and reavers each and every preceding paragraph as if set forth in full here.

39-42.  Paragraphs 39-42 do not include allegations that require a response from Sodecia NA.  To the extent a response is required from Sodecia NA, it denies the allegations in paragraphs 39-42.

WHEREFORE, Sodecia NA denies that Whitesell is entitled to the relief sought.

### COUNT TWO – ACCOUNT STATED
### (Sodecia Auburn)

43.  Sodecia NA repeats and reavers each and every preceding paragraph as if set forth in full here.

44-46.  Paragraphs 44-46 do not include allegations that require a response from Sodecia NA.  Sodecia NA lacks sufficient information to admit or deny the allegations in paragraphs 44-46 and therefore denies the same.

WHEREFORE, Sodecia NA denies that Whitesell is entitled to the relief sought.

### COUNT THREE – QUANTUM MERUIT/VALEBANT
### (Sodecia Auburn)

47.   Sodecia NA repeats and reavers each and every preceding paragraph as if set forth in full here.

48-51.   Paragraphs 48-51 do not include allegations that require a response from Sodecia NA.  Sodecia NA lacks sufficient information to admit or deny the allegations in paragraphs 48-51 and therefore denies the same.

WHEREFORE, Sodecia NA denies that Whitesell is entitled to the relief sought.

### COUNT FOUR – BREACH OF CONTRACT
### (Sodecia Detroit)

52.   Sodecia NA repeats and reavers each and every preceding paragraph as if set forth in full here.

53-56.   Paragraphs 53-56 do not include allegations that require a response from Sodecia NA.  Sodecia NA lacks sufficient information to admit or deny the allegations in paragraphs 53-56 and therefore denies the same.

WHEREFORE, Sodecia NA denies that Whitesell is entitled to the relief sought.

### COUNT FIVE – QUANTUM MERUIT/VALEBANT
### (Sodecia Detroit)

57.   Sodecia NA repeats and reavers each and every preceding paragraph as if set forth in full here.

58-61. Paragraphs 58-61 do not include allegations that require a response from Sodecia NA. Sodecia NA lacks sufficient information to admit or deny the allegations in paragraphs 58-61 and therefore denies the same.

WHEREFORE, Sodecia NA denies that Whitesell is entitled to the relief sought.

## COUNT SIX – ENTERPRISE LIABILITY
### (Sodecia NA)

62. Sodecia NA repeats and reavers each and every preceding paragraph as if set forth in full here.

63. Denied.

WHEREFORE, Sodecia NA denies that Whitesell is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. Whitesell's claims sounding in equity are barred because the parties entered into a binding contract governing the transaction at issue.

2. Whitesell's claims are barred by the failure to give notice of breach as required by the U.C.C.

3. Whitesell's claims are barred by lack of consideration.

4. Whitesell's claims are barred because Whitesell committed the first material breach of the contract.

5. Whitesell's claims are barred because Whitesell failed to perform its obligations under the contract.

6. Whitesell's claims are barred by the parole evidence rule.

7. Whitesell's claims are barred because its First Amended and Restated Complaint fails to state a claim upon which relief can be granted.

8. Whitesell's claims are barred because Whitesell had a duty to supply goods that meet express and implied warranties and Whitesell failed to supply such goods.

9. Whitesell's claims are barred by the doctrine of justification.

10. Whitesell has failed to mitigate its damages.

11. Whitesell's claims are barred because Whitesell breached the Cargo Loop Contract.

12. Some or all of Whitesell's claims are barred by Ala. Code § 7-2-202.

13. Some or all of Whitesell's claims are barred because Whitesell has breached the duty of good faith and fair dealing and because Whitesell has acted in bad faith.

14. Some or all of Whitesell's claims are barred because Whitesell is a "merchant" under Article 2 of the U.C.C. and Ala. Code § 7-2-101, *et seq*.

15. Some or all of Whitesell's claims and requested relief are barred by the Terms and Conditions of Sale.

16. Whitesell's claims are barred because if Whitesell suffered damages, such damages were caused, in whole or in part, by the acts or omissions of Whitesell or of third parties for whom Sodecia NA should not be held liable.

17. At the time this answer is filed, Sodecia NA has not obtained discovery from Whitesell. Accordingly, Sodecia NA reserves its rights to amend this answer to assert each such supplemental or additional defenses, counterclaims or third party claims as are appropriate upon the completion of discovery.

18. Whitesell's claims are barred, in whole or in part, by waiver.

19. Whitesell's claims are barred, in whole or in part, by estoppel.

20. Whitesell's claims are barred, in whole or in part, by the doctrine of unclean hands.

21. Whitesell's claims are barred, in whole or in part, by the terms of the applicable contract(s).

22. Whitesell's claims are barred, in whole or in part, by failure to satisfy a condition precedent.

This the 18th day of May, 2018.

  *s/ Brett A. Ialacci*
Brannon J. Buck (ASB-5848-K56B)
bbuck@badhambuck.com
Brett A. Ialacci (ASB-7679-E67I)
bialacci@badhambuck.com
*Attorneys for Sodecia Automotive Auburn LP, Sodecia Automotive Detroit Corp., and Sodecia Automotive North America, Inc.*

OF COUNSEL:
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
Phone: (205) 521-0036
Fax: (205) 521-0037

  *s/ Larry B. Moore*
Larry B. Moore
lbmoore@mblattorneys.com
Ian M. Berry
imberry@mblattorneys.com
*Attorneys for Sodecia Automotive Auburn LP, Sodecia Automotive Detroit Corp., and Sodecia Automotive North America, Inc.*

OF COUNSEL:
MOORE, BERRY & LINVILLE
211 North Court Street
Florence, Alabama 35630
Phone (256) 718-0120
Fax: (256) 718-0251

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this has been served upon the following via the CM/ECF Electronic Filing and/or e-mail, on this the 18th day of May, 2018.

David Block
Will A. Smith
Michael W. Rich
MAYNARD COOPER & GALE
1901 Sixth Avenue North, Ste. 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
dblock@maynardcooper.com
wsmith@maynardcooper.com
mrich@maynardcooper.com

                                            *s/ Brett A. Ialacci*
                                            OF COUNSEL